# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GWENDOLYN LAWAL<br>and RICHARD H. PEYTON,<br><br>Plaintiffs,<br><br>v.<br><br>WMC MORTGAGE CORPORATION,<br><br>Defendant. | C.A. No. 07-148-ML |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant WMC Mortgage Corp. ("WMC") by its undersigned attorneys, hereby answers the Complaint brought by Gwendolyn Lawal and Richard H. Peyton.

Except as expressly admitted or denied below, WMC is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, WMC does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, WMC does not contest that venue is proper in this district.

## PARTIES AND FACTS

### Facts Relating to Plaintiff Gwendolyn Lawal

4. WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. WMC admits that on or about December 8, 2005, Plaintiff Gwendolyn Lawal became the obligor and mortgagor under a certain Note and Mortgage on property located at 884 River Avenue, Providence, RI 02908. WMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. WMC admits that Plaintiff Lawal received or signed certain documents, including but not limited to, a Note in the principal amount of $207,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel and a HUD-1 Settlement Statement. WMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. WMC admits that it received the document, a copy of which is attached as Exhibit 2 to the Complaint and that the document speaks for itself as to its content. WMC denies that Plaintiff Lawal has an extended right to rescission and denies that her purported exercise of any such right is valid. WMC denies the remaining allegations set forth in paragraph 7 of the Complaint.

### Facts Relating to Plaintiff Richard H. Peyton

8. WMC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. WMC admits that on or about February 27, 2006, Plaintiff Richard H. Peyton became the obligor and mortgagor under a certain Note and Mortgage on property located at 55 Bramans Lane, Unit A, Portsmouth, RI 02871. WMC is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. WMC admits that Plaintiff Peyton received or signed certain documents, including but not limited to, an Note in the principal amount of $235,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. WMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. WMC admits that it received the document, a copy of which is attached as Exhibit 4 to the Complaint and that the document speaks for itself as to its content. WMC denies that Plaintiff Peyton has an extended right to rescission and denies that his purported exercise of any such right is valid. WMC denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. WMC admits the allegations of paragraph 12 of the Complaint.

**DEFENDANT**

13. WMC admits that its principal place of business is in Burbank, California but, otherwise, WMC denies the allegations of paragraph 13 of the Complaint.

14. WMC admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

15. Paragraph 15 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, WMC admits that it is a creditor within the meaning of the Truth-In-Lending Act (“TILA”).

16. WMC denies the allegations set forth in paragraph 16 of the Complaint.

**COUNT I – Truth-In-Lending Act**

17. WMC reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-16 above.

18. Paragraph 18 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, WMC states that the statutes referenced in paragraph 18 speak for themselves as to their content.

19. Paragraph 19 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, WMC states that the statute referenced in paragraph 19 speaks for itself as to its content.

20. Paragraph 20 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, WMC states that the statute referenced in paragraph 20 speaks for itself as to its content.

21. Paragraph 21 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, WMC states that the regulations referenced in paragraph 21 speak for themselves as to their content.

**DEFECTIVE NATURE OF DISCLOSURES**

22. WMC denies the allegations set forth in paragraph 22 of the Complaint.

23. WMC denies the allegations set forth in paragraph 23 of the Complaint.

24. WMC admits that Plaintiffs had purported to give notice of rescission but denies the effectiveness of such notice and denies that rescission has occurred.

25. WMC admits the allegations set forth in paragraph 25 of the Complaint.

26. Paragraph 26 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, WMC states that the statute referenced in paragraph 26 speaks for itself as to its content.

27. Paragraph 27 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, WMC states that the statute referenced in paragraph 27 speaks for itself as to its content.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against WMC.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence rule.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which WMC is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the Federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with the rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

WMC is not liable for any claims by Plaintiffs because WMC's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, law and regulations.

**TENTH AFFIRMATIVE DEFENSE**

WMC hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant WMC Mortgage Corp. respectfully requests that the Court:

A. Enter judgment in its favor on all counts of the Complaint;

B. Dismiss the Complaint with prejudice;

C. Award WMC its costs and expenses, including attorneys' fees, incurred in this action.

D. Grant such other relief as to the Court seems meet and just.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, WMC Mortgage Corp. ("WMC") hereby brings this counterclaim against Plaintiffs and states:

1. WMC is a California corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Gwendolyn Lawal resides in Providence, Rhode Island and, on or about December 8, 2005, she obtained a residential mortgage loan from WMC in connection with property located at 884 River Avenue, Providence, Rhode Island. On or about October 17, 2006, Plaintiff Lawal sent WMC a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Upon information and belief, Plaintiff Richard H. Peyton resides in Portsmouth, Rhode Island and, on or about February 27, 2006, he obtained a residential mortgage loan from WMC in connection with property located at 55 Bramans Lane, Unit A, Portsmouth, Rhode Island. On or about August 24, 2006, Plaintiff Peyton sent WMC a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

4. Both Plaintiffs have filed suit against WMC alleging that WMC had failed to adequately indicate the date by which Plaintiffs' rescission periods expired in connection with the subject loans.

5. WMC has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

## COUNT I
## Declaratory Judgment Pursuant to Declaratory Judgment Act, 28 U.S.C. § 2201

6. WMC repeats and realleges the allegations set forth in paragraphs 1-5 above.

7. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between WMC and Plaintiffs regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

8. Plaintiffs allege that WMC violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notices of Right to Cancel, which allegations WMC denies.

9. WMC has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

10. WMC hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

## RELIEF REQUESTED

WHEREFORE, Defendant/Counterclaimant WMC Mortgage Corp. respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with WMC and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem meet and just.

WMC MORTGAGE CORP.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

____________________________________

Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: May 22, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2007, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

919343_1/1360-7