**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GWENDOLYN LAWAL and**
**RICHARD H. PEYTON :**
**Plaintiffs, :**
**: C.A. 07-1148-ML**
**VS. :**
**:**
**WMC MORTGAGE CORPORATION**
**Defendant :**

**UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs respectfully request that this Court grant them leave to amend their complaint to add the proper assignee of one of the mortgages which is the subject of the pending rescission actions brought under the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"). In support of their motion, the Plaintiffs state as follows:

1. On April 30, 2007, the Plaintiffs filed a complaint against their original mortgage holder seeking to rescind their home mortgages for alleged violations of the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") .

2. Since the filing of the complaint, Plaintiffs have engaged in some minor discovery and have participated in one very productive settlement conference with Magistrate Lovegreen. As a result of this conference, the parties have reached a settlement regarding all claims of Plaintiff, Gwendolyn Lawal. A dismissal stipulation regarding Mrs. Lawal's claims will be filed within the next few weeks. The settlement conference regarding the claims of Plaintiff Peyton, though productive did not result in any settlement. At this point the parties are firm in their respective positions.

3. The undersigned has recently discovered that the Defendant WMC is not the

present holder of the Peyton mortgage. Under the TILA, the owner of a mortgage is a necessary party in interest to effectuate any rescission demand. Plaintiff Peyton can not obtain complete relief without naming the proper party and therefore needs to amend his complaint accordingly.

4. Fed.R.Civ.P. 15(a) provides that an amendment to the complaint can be made after the filing of responsive pleadings upon application for leave from the Court, and that leave to amend "shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

5. The amendment will not cause any prejudice to the Defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial).

6. The Defendant WMC does not oppose the relief requested herein.

7. The Amended Complaint is attached hereto as Exhibit A.

**WHEREFORE**, the Plaintiffs respectfully request that this Court grant their Motion for Leave to Amend their complaint and deem the Amended Complaint filed. *instanter*.

s/Christopher M. Lefebvre
Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
RI BAR # 4019

## CERTIFICATION

I hereby certify that I served a copy of the Plaintiffs' Motion For leave to File an Amended Complaint along with the attached Exhibit A on attorney, Steven Snow via the ECF System of the District Court of Rhode Island on this 6th day of February 2008.

/s/ Christopher M. Lefebvre