**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD H. PEYTON** | : | |
| **Plaintiff,** | : | |
| | : | **C.A. 07-1148-ML** |
| **VS.** | : | |
| | : | |
| **WMC MORTGAGE CORPORATION** | | |
| **Defendant** | : | |

**MOTION FOR LEAVE TO**
**FILE A SECOND AMENDED COMPLAINT**

Plaintiff requests that this Court grant him leave to amend his complaint to add the proper assignee of his mortgage which is the subject of the pending rescission actions brought under the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"). In support of said motion, the Plaintiff states as follows:

1. On April 30, 2007, the Plaintiff filed a complaint against his original mortgage holder seeking to rescind his home mortgage for alleged violations of the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") .

2. Since the filing of the complaint, Plaintiff has engaged in some minor discovery and has participated in one very productive settlement conference with Magistrate Lovegreen. As a result of this conference, the parties reached a settlement regarding all claims of the former Plaintiff, Gwendolyn Lawal. A dismissal stipulation regarding Mrs. Lawal's claims has been filed with the Court. The settlement conference regarding the claims of Plaintiff Peyton, though productive did not result in any settlement. At this point the parties are firm in their respective positions.

3. WMC is not the present holder of the Peyton mortgage. Under the TILA, the

owner of a mortgage is a necessary party in interest to effectuate any rescission demand. Plaintiff Peyton can not obtain complete relief without naming the proper party and therefore needs to amend his complaint accordingly.

4. Based on information provided by opposing counsel, Plaintiff previously sought leave to amend his complaint to name the alleged assignee and holder of the mortgage, Morgan Stanley. This Court granted that request. After service was effectuated on said Defendant, the undersigned then learned for the first time that despite representations to the contrary, Morgan Stanley was not the real owner of said mortgage. In house counsel for Morgan Stanley has contacted the undersigned and confirmed that the Peyton loan is part of a securiterised trust which is being administered by Deutsche Bank National Trust Company. The Second Amended Complaint names the Trustee of the securitized trust as a necessary party to effectuate rescission of the mortgage loan.

5. Fed.R.Civ.P. 15(a) provides that an amendment to the complaint can be made after the filing of responsive pleadings upon application for leave from the Court, and that leave to amend "shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

6. The amendment will not cause any prejudice to the Defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial).

7. The Second Amended Complaint is attached hereto as Exhibit A.

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant his Motion for Leave to File A second Amended Complaint and deem it filed. *instanter*.

s/Christopher M. Lefebvre
Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
RI BAR # 4019

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Motion For leave to File A Second Amended Complaint along with the attached Exhibit A on attorney, Steven Snow via the ECF System of the District Court of Rhode Island on this 16th day of April 2008.

/s/ Christopher M. Lefebvre