# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD H. PEYTON** | : | |
| **Plaintiff,** | : | |
| | : | **C.A. 07-1148-ML** |
| **VS.** | : | |
| | : | |
| **WMC MORTGAGE CORPORATION** | | |
| **DEUTSCHE BANK NATIONAL** | : | |
| **TRUST COMPANY TRUST** | : | |
| **COMPANY, N.A., as Trustee** | : | |
| **of MORGAN STANLEY ABS** | : | |
| **CAPITAL I, INC. Trust 2006-WMC2** | : | |
| **Defendants** | : | |

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against WMC Mortgage Corporation (hereinafter "WMC") and it's assignee Deutsche Bank National Trust Company as Trustee for the Morgan Stanley ABS Capital I INC. Trust 2006-WMC-2 for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .23.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28

U.S.C. § 1391( c).

## PARTIES AND FACTS

4. Plaintiff Richard H. Peyton resides in Portsmouth, RI 02871.

5. On or about February 27, 2006 Plaintiff Peyton obtained a loan from WMC, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Peyton received or signed the following documents:

1. A note in the principal amount of $235,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1; and
5. A HUD-1 Settlement Statement.

7. On or about August 24, 2006 Plaintiff Peyton exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to WMC. A Copy of the notice is attached as Exhibit 2. A notice of rescission was also sent to Deutsche Bank Trust Company on April 16, 2008, a copy of which is attached as Exhibit 3.

8. WMC has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. The period in which the Defendant Deutsche Bank National Trust Company must respond so as to avoid the imposition of statutory damages has not yet expired.

## DEFENDANT

9. Defendant WMC is a National corporation with its principle place of business at 3100

Thornton Ave., Burbank, CA 91504.

10. WMC enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

11. WMC is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. WMC is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

13. Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. Upon information and belief, it holds legal title to Plaintiff's loan as trustee. It is joined as an indispensable and necessary party.

**COUNT I - TRUTH IN LENDING ACT**

14. Plaintiff incorporates paragraphs 1-13.

15. Because the refinance transactions referenced herein were secured by Plaintiff's home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the *Right To Cancel,* which provides that homeowners have until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later as provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind**

> **the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

16. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

17. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

18. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "clearly and conspicuously disclose" the borrower's

rescission rights, 12 C.F.R. § 226.23(b)(1). More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> > **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> > **(ii) The consumer's right to rescind the transaction.**
> > **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> > **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> > **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

19. In connection with the Plaintiff's loan, WMC failed to provide the required disclosures of the right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**<u>Incomplete Notices</u>**

20. The copies of the notice of right to cancel actually delivered by the Defendant WMC in connection with the refinance mortgage transaction referenced herein were incomplete and defective because they did not disclose the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

21. Defendants have not rescinded the mortgage loan referenced herein.

22. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

23. 15 U.S.C. §1635(g) provides:

> **Additional relief**
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiff demands trial by jury

/s/Christopher M. Lefebvre

# EXHIBIT 1

# NOTICE OF RIGHT TO CANCEL

Servicing #: 11473062

LENDER: WMC MORTGAGE CORP.

DATE: February 27, 2006
LOAN NO.: [redacted]
TYPE: Conventional

6320 CANOGA AVENUE 10TH FL (MAILROOM) WOODLAND HILLS, CA 91367
BORROWERS: EUN SOO PEYTON
RICHARD H PEYTON

ADDRESS: [redacted]
CITY/STATE/ZIP: [redacted]
PROPERTY: [redacted] PORTSMOUTH, RI 02871

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs LAST:

(1) The date of the transaction, which is ____________________ ; or
(2) The date you receive your Truth in Lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:
3100 Thornton Ave. (Call Center)

Burbank, CA 91504

You may use any written statement that is signed and dated by you and states your intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ________________ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

CONSUMER'S SIGNATURE DATE

Each of the borrowers in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective as to all borrowers.

I acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL.

\- Borrower - RICHARD H PEYTON - DATE -

# EXHIBIT 2

FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

August 24, 2006

WMC Mortgage Corp.
(Call Center)
3100 Thornton Ave.
Burbank, CA 91504

Re: **Notice of Rescission by Richard H. Peyton & Eun Soo Peyton of [redacted], Portmouth RI 02871; Loan Number: [redacted]; Closing Date 02/27/2006.**

To Whom It May Concern:

I represent Richard H. Peyton and Eun Soo Peyton concerning the mortgage loan transaction they entered into with WMC Mortgage Corp. on February 27, 2006. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. & Mrs. Peyton were given incomplete and therefore, inaccurate notice of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by WMC Mortgage Corp. on the Peyton's property located at [redacted], [redacted], Portmouth, RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Richard H. Peyton**
**Eun Soo Peyton,**
**By their Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

cc: Richard H. Peyton & Eun Soo Peyton

# EXHIBIT 3

*FROM THE OFFICE OF THE*

FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

April 16, 2008

Deutsche Bank National Trust Company
1761 East street Andrew Place
Santa Ana, CA 92705

**Re: Notice of Rescission by Eun Soo Peyton & Richard H. Peyton of [redacted], Portsmouth, RI 02871; Loan Number: [redacted]; Closing Date: 2/27/2006**

To Whom It May Concern:

I represent Eun Soo Peyton & Richard H. Peyton concerning the mortgage loan transaction they entered into with WMC Mortgage Corp. on February 27, 2006. It's my understanding that Deutsche Bank National Trust Company is the Trustee for the owner and holder of said mortgage, Morgan Stanley ABS Capital 1 Inc. Trust 2006-WMC2. Please be advised that I have been authorized by my clienst to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Eun Soo Peyton & Richard H. Peyton were given incomplete and therefore, inaccurate notices of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by WMC Mortgage Corp. on the Peyton's property located at [redacted], RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Eun Soo Peyton and Richard H. Peyton,**
**By their Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

cc: Eun Soo Peyton and Richard H. Peyton

*TWO DEXTER STREET, P.O. BOX 479 PAWTUCKET, RI 02862 PHONE: (401) 728-6060 FAX: (401) 728-6534*