UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD H. PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2<br><br>Defendants. | Civil Action No. 07-148-ML |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanley ABS Capital I, Inc., Trust 2006-WMC2 ("Deutsche Bank") hereby respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Second Amended Complaint ("Complaint") of Plaintiff Richard H. Peyton ("Plaintiff") with prejudice as to Deutsche Bank. Plaintiff's sole cause of action is a claim for rescission of the mortgage he obtained from WMC Mortgage Company ("WMC"), pursuant to the Trust in Lending Act ("TILA"). Plaintiff alleges that he is entitled to an extended right of rescission under TILA, and could exercise that right up to three years following the closing of his mortgage loan, because the Notice of Right to Cancel he received from WMC did not contain certain specific dates for the closing of the mortgage and the deadline to rescind. Plaintiff's claim against Deutsche Bank is meritless.

The First Circuit has foreclosed attempts to extend the TILA rescission period in circumstances virtually identical to those advocated by Plaintiff, thus barring his claim as a

matter of law. *See Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006). Moreover, following *Palmer*, two judges in the District of Massachusetts have applied *Palmer* to dismiss *identical* claims to those Plaintiff raises here, holding that *the absence* of a specific date on the notice does not violate TILA and extend the rescission period. *See Megitt v. Indymac Bank, F.S.B.*, 547 F. Supp. 2d 56 (D. Mass. 2008); *Carye v. Long Beach Mortgage Corp.*, 470 F. Supp. 2d 3 (D. Mass. 2007). Since the Notice received by Plaintiff gave the precise three alternative deadlines required by the text of TILA and by the First Circuit, any claim that the Notice was misleading is simply wrong as a matter of law.

THEREFORE, for the reasons stated herein and in Deutsche Bank's accompanying memorandum of law, Deutsche Bank respectfully requests that this Court grant its Motion to Dismiss, and dismiss the Complaint filed by Plaintiff with prejudice

Respectfully submitted,

DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2

By its attorneys,

/s/ John B. Daukas
John B. Daukas
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
617.570.1000
jdaukas@goodwinprocter.com
R.I. Bar No. 5437

Of Counsel:

James W. McGarry (BBO# 633726)
Brook L. Ames (BBO # 664082)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
617.570.1000
jmcgarry@goodwinprocter.com
bames@goodwinprocter.com

Dated: July 11, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2008.

/s/ John B. Daukas
John B. Daukas