UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD H. PEYTON, Plaintiff, v. WMC MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2 Defendants. | ) | Civil Action No. 07-148-ML |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Deutsche Bank National Trust Company, N.A., as Trustee of Morgan Stanley ABS Capital I, Inc., Trust 2006-WMC2 ("Deutsche Bank") hereby respectfully submits its memorandum in support of its motion to dismiss the Second Amended Complaint ("Complaint") of Plaintiff Richard H. Peyton ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff's lawsuit against Deutsche Bank and its co-defendant WMC Mortgage Corporation ("WMC") is time-barred by the very section of the Truth-In-Lending Act, 15 U.S.C. §§ 1601 *et. seq.* ("TILA"), under which he sues, and by binding, on-point First Circuit precedent. Under TILA, a borrower in a refinance transaction is permitted to exercise his right to rescind his loan within three days of either the loan's closing or the receipt of all required TILA disclosures. Here, it is undisputed that Plaintiff did not attempt a rescission from WMC until months after the closing and from Deustche Bank until more than *two years after the closing*. Plaintiff

nevertheless contends that he is entitled to untimely rescind his loan on the ground that the Notice of Right to Cancel ("Notice") he received regarding his rights under TILA was "misleading" because the closing agent for WMC did not fill in the blanks for certain dates on the form Notice itself. As a result of this "error," Plaintiff believes he should be allowed to cancel his loan up to three years after it closed.

The First Circuit has foreclosed attempts to extend the TILA rescission period in circumstances virtually identical to those advocated by Plaintiff, thus barring his claim as a matter of law. In *Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006), the Court affirmed the grant of a motion to dismiss like this one, holding that if a notice of right to cancel contains the three alternative deadlines for rescission rights under TILA, the fact that it also expressly includes, or excludes, specific dates cannot be "misleading" as a matter of law. *Id.* at 28-29. Indeed, following *Palmer*, two judges in the District of Massachusetts have applied *Palmer* to dismiss *identical* claims to those Plaintiff raises here, holding that *the absence* of a specific date on the notice does not violate TILA and extend the rescission period. *See Megitt v. Indymac Bank, F.S.B.*, 547 F. Supp. 2d 56 (D. Mass. 2008); *Carye v. Long Beach Mortgage Corp.*, 470 F. Supp. 2d 3 (D. Mass. 2007).

The Notice received by Plaintiff gave the precise three alternative deadlines required by the text of TILA and by the First Circuit. Under *Palmer*, *Megitt* and *Carye*, this Complaint must be dismissed. Indeed, it was Plaintiff's current counsel who represented the losing borrowers in not just *Palmer*, but both District of Massachusetts cases as well.[1] This lawsuit represents at least counsel's fourth bite at the same apple. The First Circuit's instructions are clear and they

[1] The decisions in both *Palmer* (September 29, 2006) and *Carye* (January 22, 2007) had been issued prior to the filing of Plaintiff's suit (April 30, 2007), and all three decisions had been issued prior to the filing of the current Complaint in April of this year.

were followed by the lender. Plaintiff has failed to state a claim for which relief can be granted, and the Complaint should be dismissed in its entirety, with prejudice.

**FACTUAL BACKGROUND**

Plaintiff owns certain real property located in Portsmouth, Rhode Island. Complaint, ¶ 4.[2] On or about February 27, 2006, Plaintiff obtained a mortgage loan, secured by this property, from WMC. *Id.*, ¶ 5. In connection with that loan transaction, Plaintiff received several documents, including required disclosures under TILA and the Notice of Right to Cancel. *Id.*, ¶ 6. Plaintiff has not alleged that he received insufficient copies of the Notice or that he did not receive any TILA-required disclosures. Following the loan transaction, Deutsche Bank obtained legal title to Plaintiff's mortgage. *Id.*, ¶ 15. Plaintiff allegedly exercised his "extended right to rescind" on August 24, 2006 as to WMC, and allegedly exercised the same "right" on April 16, 2008 as to Deutsche Bank, both by virtue of letters to the respective defendants. *Id.*, ¶ 7; Exhs. 2-3.

The copy of the Notice attached by Plaintiff to the Complaint[3] contains the following language regarding Plaintiff's right to rescind his mortgage loan under TILA:

> You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs LAST:
>
> (1) The date of the transaction, which is _________________;
> (2) The date you receive your Truth in Lending Disclosures; or
> (3) The date you received this notice of right to cancel.

---

[2] Deutsche Bank cites to the Complaint and accepts the factual allegations set forth therein as true for the purposes of this Motion to Dismiss only. In the event the Motion to Dismiss is denied, Deutsche Bank reserves the right to challenge the factual validity of any and all assertions and allegations made in the Complaint.

[3] As the Notice is attached to the Complaint, the Court may consider the Notice itself and its terms in deciding a motion to dismiss under Rule 12(b)(6). *See In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

Complaint, Exh. 1. The Notice also states that "[i]f you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ___________ (or midnight of the THIRD BUSINESS DAY following the latest of the three events listed above)." *Id.*

Plaintiff's Complaint contains only a single allegation that describes the purportedly improper nature of the Notice – that the copies of the Notice he received "were incomplete and defective because they did not disclose the date of the transaction and the date of the expiration of the rescission period . . . ." *Id.*, ¶ 20. In other words, Plaintiff's gripe is that the two blanks were not filled in. Plaintiff has not identified any other violation of TILA or any other statute in his Complaint.

**ARGUMENT**

**I. LEGAL STANDARD FOR MOTION TO DISMISS.**

Under the Federal Rules of Civil Procedure, a Complaint should be dismissed if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, "the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences." *Greater Providence MRI Ltd. Partnership v. Med. Imaging Network of S. New England, Inc.*, 32 F. Supp. 2d 491, 493 (D.R.I. 1998). However, the Court need not "swallow [Plaintiff's] invective hook, line and sinker" (*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)), and the Court need not accept Plaintiff's "bald assertions, unsupportable conclusions and opprobrious epithets." *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987) (internal quotations omitted). Indeed, as the Supreme Court recently held, to survive a motion to dismiss, the Plaintiff must provide more than "labels or conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

## II. PLAINTIFF'S CLAIM FOR RESCISSION UNDER TILA IS UNTIMELY.

Plaintiff's entire suit must be dismissed as untimely, as Plaintiff failed to exercise his right to rescind his mortgage loan within the three days required by TILA. Under controlling First Circuit precedent, the allegations set forth in Plaintiff's Complaint are insufficient as a matter of law to extend Plaintiff's right to rescind his mortgage beyond three days. Moreover, even assuming for purposes of this Motion that the Notice contained a technical violation of TILA, the First Circuit precludes extending the time to rescind a loan for mere technical violations.

### A. TILA Only Allows Three Days to Rescind a Loan.

Under the plain language of TILA, a debtor may exercise their right to cancel their mortgage loan

> until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later.

15 U.S.C. § 1635(a). If a creditor fails to deliver the required disclosures and notice of right to cancel, then the debtor may rescind his or her loan up to three years following the consummation of the loan. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Here, Plaintiff does not allege that he received insufficient copies of the Notice or the disclosures required under TILA. Plaintiff could thus only rescind his mortgage loan three business days after the closing of the loan, *i.e.* by March 2, 2006, and admits that he did not do so, attempting to rescind his loan as to WMC and Deutsche Bank in August of 2006 and April of 2008, respectively. Complaint, ¶ 7. As such, Plaintiff did not timely exercise his right to rescind.

**B. The Failure to Include Specific Dates on the Notice Does Not Violate TILA.**

To avoid TILA's time bar, Plaintiff contends that the Notice he received from WMC was "defective and incomplete," and his only basis for this claim is the alleged failure of WMC's closing agent to include certain specific dates on his Notice. Complaint, ¶ 20. This alleged "error" is insufficient as a matter of law to extend Plaintiff's right to rescind beyond the three day period.

Under controlling First Circuit law, there was nothing misleading about the Notice, and the time to rescind Plaintiff's mortgage loan was never extended. In fact, the First Circuit has articulated the controlling standard for misleading rescission notices in a case virtually identical to this one, and that is factually and analytically dispositive. In *Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006), the debtor received a notice of right to cancel that was identical to the Notice at issue here. As with the Notice at issue here, the notice of right to cancel received by Palmer explicitly stated that the right to rescind would expire three business days after the latest of the three events set forth in TILA. *Palmer*, 465 F.3d at 26. Palmer alleged that the notice that she received was "misleading," because the specific date included as the deadline for rescission has already expired when she received the notice. *Id.* at 27. Palmer argued, unsuccessfully, that the inclusion of an incorrect specific date for the rescission deadline made the entire notice "confusing," and therefore justified an extended right of rescission. *Id.*

The First Circuit rejected this argument and found that the notice of right to cancel at issue "clearly and conspicuously" indicated that Palmer had three alternative deadlines by which to rescind her loan – three days after the closing, three days after receipt of the notice of right to

cancel or three days after receipt of the required TILA disclosures, whichever came last.[4] *Id.* at 28-29. The Court found that focusing solely on the specific date included in the notice of right to cancel, at the expense of the alternative deadlines provided in the notice, would "wrest this statement from its contextual moorings." *Id.* at 28. Since the notice of right to cancel repeated the three alternative deadlines in two separate places, the Court "fail[ed] to see how any reasonably alert person – that is, the average consumer – reading the Notice would be drawn to the April 1 deadline without also grasping the twice-repeated alternative deadlines." *Id.* at 29. The Court held there was nothing misleading about the notice received by Palmer, and therefore was no violation of TILA that would justify an extended right of rescission. *Id.*

In the wake of *Palmer*, no other court in the First Circuit has held that a failure to include one or both dates on a notice of right to cancel is sufficient to extend the rescission deadline from three days to three years. In fact, at least two courts in the District of Massachusetts, when faced with identical facts as the Plaintiff's claim, in cases brought by Plaintiffs' counsel here, have held that the failure to include specific dates on a notice of right to cancel *does not* extend the right to rescind as a matter of law. *Megitt v. Indymac Bank, F.S.B.*, 547 F. Supp. 2d 56, 60-61 (D. Mass. 2008) (refusing to extend right to rescind when no date was provided on notice for deadline for right to cancel); *Carye v. Long Beach Mortgage Corp.*, 470 F. Supp. 2d 3, 9 (D. Mass. 2007) (holding that failure to include any specific dates on notice of right to cancel was not sufficient error to justify extending time to rescind a mortgage loan). In both cases, the Court explicitly relied on *Palmer's* holding that the inclusion of the alternative deadlines for rescission is all that is required under TILA. *Megitt*, 547 F. Supp. 2d at 62; *Carye*, 470 F. Supp. 2d at 9.

---

[4] Indeed, the Court noted that the notice received by Palmer "closely tracks the language of the model form" for such notices provided in the TILA regulations, and that such tracking "is, at the very least, prima facie evidence of the adequacy of the disclosure." *Palmer*, 465 F.3d at 29.

Indeed, *Palmer's* rationale has been followed in other factually identical cases outside the First Circuit as well. *See*, *e.g.*, *McMillian v. AMC Mortgage Services, Inc.*, No. 07-0773, 2008 WL 2357236, at *6 (S.D. Ala. June 10, 2008) (finding that failure to include specific dates on notice of right to cancel did not justify extended right of rescission).

Here, the Notice received by Plaintiff specifically stated that he had three business days from the last of three possible dates – the date his loan was completed, the date he received his TILA disclosures and the date he received the Notice – to rescind his loan. Complaint, Exh. 1. This explanation precisely tracks the language of TILA regarding when a debtor may rescind his or her loan, *compare* Complaint, Exh. 1 *with* 15 U.S.C. § 1635(a), and precisely tracks the requirements of *Palmer*. The Notice even repeats this information a second time, refocusing Plaintiff's attention to the fact that he has until three days following the latest of the three specified events to rescind his loan. Complaint, Exh. 1. Indeed, as with the notice provided in *Palmer*, the Notice received by Plaintiff "closely tracks" the model form provided in the TILA regulations, and, as the First Circuit held, such consistency provides "prima facie evidence of the adequacy of the disclosure." *Palmer*, 465 F.3d at 29.

The mere fact that the Notice did not include the specific date Plaintiff's loan closed, or the date that would be three business days after the closing, is simply not relevant to the question of whether the Notice violated TILA. As the First Circuit concluded, to focus on the failure to include these specific dates to the exclusion of the clear and conspicuous language setting forth Plaintiff's right to rescind would "wrest this statement from its contextual mooring." *Palmer*, 465 F.3d at 28; *Megitt*, 547 F. Supp. 2d at 60. Plaintiff clearly knew the date on which his loan closed, as he has alleged that the loan was consummated on February 27, 2006. Complaint, ¶ 5. Plaintiff's claim that the failure to include this date in the Notice violates TILA, when the Notice

contains repeated and unambiguous language regarding Plaintiff's rescission rights, is simply incorrect. Therefore, since the Notice was not misleading as a matter of law, Plaintiff was required to exercise his right to rescind within three days following the closing of his mortgage loan. As Plaintiff failed to do so, his claim for rescission under TILA is without merit, and the Complaint and all claims against Deutsche Bank should be dismissed in full.

### C. The First Circuit Does Not Allow Claims for Technical Violations of TILA.

In addition to the fundamental principle that the alleged "error" in the Notice does not extend his right to rescind, Plaintiff's claim fails as a matter of law because mere technical violations of TILA are insufficient to extend the right of rescission to three years. The First Circuit has recognized that "[m]ost courts have concluded that the TILA's clear and conspicuous standard is less demanding than a requirement of perfect notice." *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 16 (2007). Indeed, Congress itself amended TILA in 1995 in order to "provide higher tolerance levels for what it viewed as honest mistakes in carrying out disclosure obligations." *McKenna v. First Horizon*, 475 F.3d 418, 424 (2007) (*citing* Truth in Lending Act Amendments of 1995, Pub. L. No. 104-29, § 3, 109 Stat. 271, 272-73). As such, the First Circuit has affirmatively rejected a "hyper-technical" view of TILA rescission cases, and held that debtors are not allowed an extended right to rescind their mortgage for minor TILA violations. *Santos-Rodriguez*, 485 F.3d at 17 n.6. In particular, the Court rejected the language of the Seventh Circuit that "TILA does not easily forgive 'technical' errors." *Santos-Rodriguez*, 485 F.3d at 17 n.6 (quoting *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006).

Here, the alleged failure to include specific dates in the Notice was, at most, a technical error. Courts which have considered this issue under the controlling, First Circuit "clear and conspicuous" standard, as compared to the "hyper-technical" standard, have found that this

failure does not rise to a level that justifies an extended right of rescission. *See Megitt*, 547 F. Supp. 2d at 62 (finding that failure to include a specific date in a notice of right to cancel to be a "technical glitch unactionable as a matter of law"); *McMillian*, 2008 WL 2357236, at *6 (holding that failure to include specific dates on notice of right to cancel was "technical violation" of TILA). Here, as discussed above, the Notice received by Plaintiff clearly indicated the possible dates in which the right to cancel would expire. This Notice provided "clear and conspicuous" disclosure of Plaintiff's rescission rights, and as such, any "technical" violation of TILA does not salvage Plaintiff's meritless claim.

**CONCLUSION**

For all the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(6), Deutsche Bank respectfully requests that this Court dismiss the Complaint in its entirety because it fails to state a claim under TILA, as Plaintiff failed to timely exercise his right to rescind his mortgage loan.

Respectfully submitted,

DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2

By its attorneys,

/s/ John B. Daukas
John B. Daukas
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881
617.570.1000
jdaukas@goodwinprocter.com
R.I. Bar No. 5437

Of Counsel:

James W. McGarry (BBO# 633726)
Brook L. Ames (BBO # 664082)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
617.570.1000
jmcgarry@goodwinprocter.com
bames@goodwinprocter.com

Dated: July 11, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 11, 2008.

/s/ John B. Daukas
John B. Daukas