UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RICHARD H. PEYTON,<br><br>Plaintiff,<br><br>v.<br><br>WMC MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2<br><br>Defendants. | Civil Action No. 07-148-ML |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Deutsche Bank's Motion to Dismiss was straightforward. Plaintiff's Second Amended Complaint ("Complaint") fails to state a claim under the Truth-in-Lending Act ("TILA") because under binding First Circuit precedent, the disclosures that Plaintiff challenges comply with TILA as a matter of law. *See Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006).

Plaintiff's Opposition hinges on the hope that this Court will ignore the controlling First Circuit law and directly on-point decisions from the District of Massachusetts in which Plaintiff's counsel brought and lost identical lawsuits alleging identical claims. But nothing in the Opposition changes the fact that the Notice of Right to Cancel ("Notice") provided to Plaintiff regarding his right of rescission complied fully with both TILA and Regulation Z under First Circuit law. Plaintiff was entitled only to a three day right of rescission from the latest of the three deadlines specified in TILA, and as he admittedly did not exercise his right within that time, the Complaint must be dismissed as a matter of law.

**I. THE NOTICE FULLY COMPLIED WITH TILA AND REGULATION Z.**

Plaintiff spends several pages of his Opposition claiming that the Notice did not comply with the requirement of TILA and Regulation Z that the Notice "clearly and conspicuously" disclose "the date the rescission period expires." Opposition at 1-4 (citing 12 C.F.R. § 226.23(b)(1)(v)). Plaintiff's sole basis for this claim is his allegation that the Notice did not contain the specific day, month and year of the transaction's closing that plaintiff attended, or the specific day, month and year that would have been three business days after the closing. Opposition at 4-7. Neither TILA nor Regulation Z contain such a requirement.

Both TILA and Regulation Z require only that the deadline for Plaintiff to exercise his right to rescind – *i.e.*, three business days from the last of the closing, the receipt of the required TILA disclosures or receipt of the Notice – be disclosed in the Notice. *See* 15 U.S.C. 1635(a); 12 C.F.R. § 226.15(a). The Notice received by Plaintiff did just that, as it stated that he would have until "THREE BUSINESS DAYS from whichever of the following events occurs LAST: (1) The date of the transaction . . . ; (2) The date you receive your Truth in Lending Disclosures; or (3) The date you received this notice of right to cancel." Complaint, Exh. 1. The mere fact that the day, month and year of the closing that Plaintiff attended and could thus presumably determine (and the third business day following the closing) were left blank on the Notice is irrelevant because, under *Palmer*, the Notice "clearly and conspicuously" told Plaintiff the deadline for his right of rescission. *Palmer*, 465 F.3d at 28-29 (holding notice containing wrong deadline complied with TILA where three deadlines contained in statute were included).

Plaintiff attempts to avoid the straightforward holding of Palmer by trying to distinguish its facts. Plaintiff argues that *Palmer* is inapplicable because the notice of right to cancel there contained an *incorrect* day, month and year as a deadline for rescission, as opposed to *no* specific

day, month and year. *See* Opposition at 7-8. This is a distinction without difference, and Plaintiff's arguments entirely ignore *Palmer's* holding and rationale. The First Circuit concluded that Palmer's notice of right to cancel "clearly and conspicuously" disclosed the three alternative deadlines for rescission of the loan – three days after the closing, three days after receipt of the notice of right to cancel or three days after receipt of the required TILA disclosures, whichever came last. *Palmer*, 465 F.3d at 28-29. In particular, the Court found that focusing solely on the specific day, month and year listed in the notice of right to cancel, at the expense of the alternative deadlines provided, would "wrest this statement from its contextual moorings." *Id.* at 28. In fact, the Court "fail[ed] to see how any reasonably alert person – that is, the average consumer – reading the Notice would be drawn to the [specific day, month and year] without also grasping the twice-repeated alternative deadlines." *Id.* at 29.

*Palmer's* holding defeats Plaintiff's claim as a matter of law, as the First Circuit has made clear that looking only at the specific day, month and year included – or in this case, lack thereof – while ignoring the presence of the three alternative deadlines is not sufficient to extend the right to rescind under TILA. *Id.* at 28-29. As with the notice in *Palmer*, the Notice received by Plaintiff contained the three required alternative deadlines for rescission. *See* Complaint, Exh. 1. As the rationale of *Palmer* is directly on point, the Court should dismiss the Complaint.[1]

## II. THE DISTRICT OF MASSACHUSETTS'S DECISIONS IN *CARYE* AND *MEGITT* ARE DIRECTLY ON POINT.

Plaintiff also seeks to distinguish the recent decisions in *Megitt v. Indymac Bank, F.S.B.*, 547 F. Supp. 2d 56 (D. Mass. 2008) and *Carye v. Long Beach Mortgage Corp.*, 470 F. Supp. 2d

[1] Plaintiff also attempts to avoid the result in *Palmer* by citing to decisions *from other circuits* that hold that inclusion of the three alternative deadlines in a notice of right to cancel is not sufficient to satisfy TILA (Opposition at 4-5), that subscribe to his faulty theory (Opposition at 5-6) and that have declined to follow *Palmer* (Opposition at 10-11). However, such cases are inapposite for this Motion. This Court is bound to apply the law of the First Circuit, and cannot ignore the ruling of *Palmer*.

3 (D. Mass. 2007), which are the *only* cases in the First Circuit following *Palmer* to address claims factually identical to Plaintiff's claim. District of Massachusetts Judges Ponsor (adopting the decision of Magistrate Judge Neiman) and Young applied *Palmer* and dismissed identical TILA complaints alleging that the notice of right to cancel failed to include a specific day, month or year for the rescission deadline. In both cases, the Courts held the failure to include a specific day, month or year did not violate TILA. *See Megitt*, 547 F. Supp. 2d at 60-62; *Carye*, 470 F. Supp. 2d at 9.

Plaintiff attempts to dodge *Megitt* and *Carye* by claiming that *Megitt* and *Carye* were founded not on interpretations of TILA, but rather of the Massachusetts state law equivalent of TILA. Opposition at 8-10. This is simply wrong. *Megitt* and *Carye* were based explicitly on TILA, as is apparent from the decisions themselves. *See Megitt*, 547 F. Supp. 2d at 59-62 (analyzing right of rescission claim under TILA); *Carye*, 470 F. Supp. 2d at 9 (stating that "[a]nalysis . . . *starts with TILA itself*") (emphasis added). *Megitt* and *Carye* are directly on point, and this Court should follow their persuasive reasoning under the First Circuit's decision in *Palmer* and dismiss the Complaint.

## III. THE "VIOLATION" ALLEGED BY PLAINTIFF IS NOT ACTIONABLE AS A "TECHNICAL" ERROR.

Plaintiff's final argument in opposition to the Motion to Dismiss fares no better than his others. Plaintiff insists that the First Circuit continues to follow a "hyper-technical" view of TILA violations, relying solely on a decision from 2004. Opposition at 11-12 (citing *Barnes v. Fleet National Bank*, 370 F.3d 164 (1st Cir. 2004)). *Barnes* is no longer good law in the First Circuit on the "hyper-technical" issue, as the Court has subsequently expressly *rejected* the hyper-technicality. *See Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 16 (2007) (rejecting approach by Seventh Circuit that "TILA does not easily forgive 'technical' errors");

*McKenna v. First Horizon*, 537 F. Supp. 2d 284, 290 (D. Mass. 2008) (rejecting citations to Third and Seventh Circuit cases, as "the First Circuit recently declined to follow the hyper-technical approach of these circuits").[2] For Plaintiff to claim that the decision in *Doral* "does not limit" the Court's previous dalliance with the hyper-technical standard is simply incorrect.

Here, the only alleged "violation" of TILA was the failure to include a specific day, month and year in the Notice, where the Notice clearly and conspicuously provided the three alternative deadlines. This is the very definition of a "technical" violation. *See, e.g.*, *Megitt*, 547 F. Supp. 2d at 62 (finding that failure to include a specific date in a notice of right to cancel to be a "technical glitch unactionable as a matter of law"). There was no substantive violation of TILA in Plaintiff's Notice, and as such, Plaintiff's claim must fail as a matter of law.

**CONCLUSION**

For all the foregoing reasons, and the reasons stated in its Motion to Dismiss, Deutsche Bank respectfully requests that this Court dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a timely claim under TILA.

---

[2] Unsurprisingly, several of the cases cited in Plaintiff's opposition come from circuits which have endorsed the "hyper-technical" approach. *See* Opposition at 4-6 (citing 3rd, 5th and 7th Circuit jurisprudence). The First Circuit rejects this line of cases. *See Doral*, 485 F.3d at 16.

Respectfully submitted,

DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee of MORGAN STANLEY ABS CAPITAL I, INC., Trust 2006-WMC2

By its attorneys,

/s/ John B. Daukas
John B. Daukas
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
jdaukas@goodwinprocter.com
R.I. Bar No. 5437

Of Counsel:

James W. McGarry (BBO# 633726)
Brook L. Ames (BBO # 664082)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109
617.570.1000
jmcgarry@goodwinprocter.com
bames@goodwinprocter.com

Dated: July 28, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 28, 2008.

/s/ John B. Daukas
John B. Daukas